# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MARY URQUHART,<br><br>*Plaintiff*,<br><br>v.<br><br>CREDIT BUREAU OF NAPA COUNTY, INC. d/b/a CHASE RECEIVABLES,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:18-cv-00371-TES |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Mary Urquhart incurred a consumer debt for some unspecified purpose. See [Doc. 1, at ¶ 19]. She defaulted on this debt and her creditor transferred it to Defendant Credit Bureau of Napa County for collection. *See* [*Id.* at ¶¶ 21 & 22]. Defendant then sent Plaintiff a collection letter with the following language in compliance with 15 U.S.C. § 1692g(a):

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

[Doc. 1, at ¶ 25]. So far so good. The trouble starts—at least in Plaintiff's view—right after this paragraph, where Defendant goes on to state that:

> If you would like to submit a dispute you can call us at 877- 256-2510 or send it by mail to:
>
> CHASE RECEIVABLES
> 1247 BROADWAY
> SONOMA CA 95476-7503
> 877-256-2510

[*Id.*] (formatting in original). Plaintiff believes that the letter's "submit a dispute statement overshadows the notice provided pursuant to [§] 1692g" because it "has the propensity to cause unsophisticated consumers . . . to call with a dispute rather than properly mailing a written dispute." [*Id.* at ¶¶ 28 & 29]. Consequently, Plaintiff initiated this action, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"); the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*; and the Georgia Unfair or Deceptive Practices Toward the Elderly Act, O.C.G.A. § 10-1-850 *et seq. See* [*Id.* at ¶¶ 24–54]. Defendant responded to Plaintiff's Complaint by filing the instant Motion for Judgment on the Pleadings [Doc. 9] in which it challenges Plaintiff's assertion that the "submit a dispute" statement overshadowed the letter's 15 U.S.C. § 1692g notice. The Court agrees with Defendant that the "submit a dispute" statement did not overshadow the letter's § 1692g notice; therefore, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings [Doc. 9] and **DISMISSES** Plaintiff's Complaint [Doc. 1] **with prejudice**.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court reviews a motion for judgment on the pleadings in the same way it reviews a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018) ("The standards for reviewing decisions on motions to dismiss and motions for judgment on the pleadings are the same: whether the count stated a claim for relief.") (internal quotations omitted). Consequently, the Court will grant a defendant's motion for judgment on the pleadings if the facts a plaintiff alleges cannot support a claim for relief. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).

## DISCUSSION

The facts in this case are not really in dispute. Instead, the dispute here centers on whether the "submit a dispute" statement in Defendant's collection letter, as a matter of law, "overshadowed" the § 1692g(a) notice provided in the same letter. The Court finds that it did not. Under § 1692g(a), a debt collector must, within five days of the "initial communication" with a debtor, send a written notice to the debtor regarding various rights she has to verify and dispute the amount owed. *See* 15 U.S.C. § 1692g(a). Following, this notice, a debt collector may not, for thirty days, engage in any "collection activity" or "communication" that "overshadows or [is] inconsistent with the disclosure of the

3

consumer's right[s]" under § 1692g(a). 15 U.S.C. § 1692g(b). To determine whether a communication or collection activity overshadows the debt collector's § 1692g(a) notice, the Court applies the "least sophisticated consumer" standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n.11 (11th Cir. 1985). Applying the "least sophisticated consumer" standard, the Court assumes that the consumer "possesses a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

So when does a debt collector's conduct or communication overshadow a § 1692g(a) notice? Unfortunately, the Eleventh Circuit has never applied this standard, but other courts have. For example, in *McCray v. Deitsch and Wright P.C.*, the Court held that

> [a]n unqualified demand that a consumer pay a debt prior to the expiration of the thirty-day validation period – that is, such a demand without any language explaining that the demand does not trump the consumer's right to, within thirty days, dispute the debt or request the name and address of the original creditor – overshadows and is inconsistent with a consumer's statutory rights and violates Section 1692g(b).

356 F. Supp. 3d 1358, 1362 (M.D. Fla. 2019). Another court found that a debt collector overshadowed its § 1692g(a) notice when it served the notice along with a court summons and foreclosure complaint that required the consumer to respond within the thirty-day verification period provided by § 1692g(a). *See In re Martinez*, 271 B.R. 696 (S.D. Fla. 2001).[1]

---

[1] And, in perhaps the most helpful case for Plaintiff, the Third Circuit Court of Appeals held that, despite a collection letter's compliance with § 1692g(a), the notice it provided

4

In this case, Plaintiff takes issue with the way Defendant "arranged" the collection letter. Specifically, she argues that

> The first paragraph notifies the consumer of the particular rights and obligations due to the consumer if a dispute is submitted in writing. This notice is immediately followed, however, by an invitation to submit a dispute orally or in writing, creating the impression that the dispute described in the preceding paragraph—and the rights it invokes—may be submitted orally or in writing.

[Doc. 10, at p. 7]. But the Court disagrees. The letter's § 1692g(a) notice begins by

---

was overshadowed by the letter's instruction to the debtor to "please call" if the debtor disputed the amount or validity of the debt. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 150–51 (3d Cir. 2013). The Court in *Caprio* concluded that the "please call" language in the collection letter could create an inaccurate impression in the least sophisticated consumer that he could dispute the validity of the debt over the phone rather than in writing. *See id.*

But unlike the Third Circuit, the trend in the Eleventh Circuit is to allow a debtor to dispute the validity of a debt in writing or orally—a fact Plaintiff concedes. *See, e.g., Higgins v. Quality Recovery Servs., Inc.*, No. 1:17-cv-2581-WSD-JSA, 2018 WL 1840200, at *6 (N.D. Ga. Feb. 13, 2018) (citing *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013); *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 491 (4th Cir. 2014)). *See also* [Doc. 10, at p. 6] (acknowledging that disputes may be submitted orally or in writing). Consequently, the "please call" language, without more, could not create an inaccurate impression as to the debtor's rights in this Circuit or any other circuit that allows a debtor to submit a dispute orally. In fact, the opposite seems true. After all, if Defendant only presented the option to submit a dispute in writing, that could create an inaccurate impression in the least sophisticated consumer that this was the only means available to him to dispute the validity of the debt. *See Balke v. Alliance One Receivables Mgmt., Inc.*, 16-cv-5624(ADS)(AKT), 2017 WL 2634653, at *7 (E.D.N.Y. June 19, 2017)("[A]lthough the Collection Letter did not explicitly state that the Plaintiff could only dispute the debt in writing, from the perspective of the least sophisticated consumer, the inclusion of a mailing address to which 'all correspondence for this account should be mailed' introduces enough uncertainty regarding the permissible methods of disputing the debt to state a plausible claim for relief under the statute.").

informing Plaintiff that she need only "notify" Defendant if she disputed the validity of the debt. The parties agree that she could have done this either orally or in writing. Then, the letter transitions to more specific requirements (that Plaintiff submit her dispute in writing) to invoke enhanced rights (verification of the debt and information regarding the original creditor). That the letter then provided information to Plaintiff on how to submit a dispute orally or in writing does not contradict or even make less clear the fact that she could only invoke certain rights in writing. *See Ehrich v. I.C. Sys., Inc.*, 681 F. Supp. 2d 265, 271 (E.D.N.Y. 2010) ("[W]hen a debt collection letter unambiguously provides the required FDCPA notice and merely supplements it with a phone number, there is no § 1692g violation."). Any reading to the contrary is plainly unreasonable. *See LeBlanc*, 601 F.3d at 1194 (noting that a debt collector is not liable for "bizarre or idiosyncratic interpretations of collection notices"). *See also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 310 (2d Cir. 2003) (holding that collection letter did not violate FDCPA where it clearly stated that debtor's request for validation must be in writing, despite subsequent instruction to "call if appropriate.").

And nothing in the collection letter indicates that Defendant was attempting to coax Plaintiff to forgo her validation rights by submitting a dispute orally. Defendant's phone number was not emphasized by the use of a different font or otherwise formatted so as to make submitting an oral dispute a more attractive option. *See Ehrich*, 681 F. Supp. 2d at 272 ("As long as no emphasis is placed on the phone number in any way and 'the

text . . . is uniformly presented in ordinary, same size font,' then the phone number is not overshadowing.")(quoting *Terran v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997)). True, the option of submitting an oral dispute is the first option presented in the disputed sentence, but so what? Obviously, one of the options must be presented first as Defendant can hardly be expected to present them simultaneously. Besides, Defendant presents the option of submitting a written dispute in the very same sentence and more than makes up for the ordering of the options by formatting its mailing address in all capital letters and block spacing.

## CONCLUSION

In short, the Court is simply not persuaded that the least sophisticated consumer would have been confused about how to invoke her rights under § 1692g(a). The letter is clear: these rights must be invoked in writing and the inclusion of a telephone address close to the § 1692g(a) notice does nothing to change this. The Court, therefore, **GRANTS** Defendant's Motion for Judgment on the Pleadings [Doc. 9] and **DISMISSES** Plaintiff's Complaint [Doc. 1] **with prejudice**.

**SO ORDERED** this 30th day of May, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**